■ In the Matter of ROBERT L. ROTH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [750 NYS2d 358] —Per Curiam. Respondent was admitted to practice by this Court in 1990. He maintained an office for the practice of law in Florida, where he was admitted in 1977.

By order of the Supreme Court of Florida dated July 11, 2002, respondent was disbarred in that state. The order approved the report and recommendation of a Florida Referee who held a hearing and then found that respondent, in violation of the Florida Rules of Professional Conduct, engaged in a conflict of interest; prepared instruments giving respondent substantial gifts from his client; failed to maintain a normal attorney-client relationship with the impaired client; failed to hold the client's property in trust, separate from his own property; communicated with the client when he knew the client was represented by another lawyer; and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

Petitioner moves to reciprocally discipline respondent (*see* 22 NYCRR 806.19). Respondent has filed a verified statement in response which sets forth his view of the factual circumstances and of the law, but which does not establish any of the defen-

ses to reciprocal discipline (*see* 22 NYCRR 806.19 [c]). We have also heard respondent at oral argument.

We grant petitioner's motion and conclude that the ends of justice will be served by imposing upon respondent the same discipline in this state as was imposed in Florida, namely disbarment.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another, and is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another any opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).